UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION

| | | |
|---|---|---|
| KELLI E. KRAMER<br>JAMES KRAMER, | ) ) ) | |
| PLAINTIFFS, | ) ) ) | CIVIL ACTION NO. _____ |
| v. | ) ) ) | |
| WEST CHESTER MEDICAL CENTER<br>d/b/a WEST CHESTER HOSPITAL,<br>LLC, | ) ) ) ) | Removed from Boone Circuit Court<br><br>No. 14-CI-400 |
| DEFENDANT,<br>and | ) ) ) | *Electronically filed* |
| KELLI E. KRAMER<br>JAMES KRAMER, | ) ) ) | |
| THIRD-PARTY PLAINTIFFS, | ) ) ) | |
| v. | ) ) ) | |
| ABUBAKAR AITQ DURRANI, M.D.;<br>CENTER FOR ADVANCED SPINE<br>TECHNOLOGIES, INC.;<br>UC HEALTH, INC.;<br>WEST CHESTER MEDICAL<br>CENTER, | ) ) ) ) ) ) ) ) | |
| THIRD-PARTY DEFENDANTS. | ) | |

**NOTICE OF REMOVAL BY DEFENDANTS WEST CHESTER MEDICAL CENTER**

In accordance with 28 U.S.C. § 1446(a) and (b)(3), Defendant West Chester Medical Center d/b/a West Chester Hospital, by and through legal counsel, hereby seeks removal of the case entitled *Kelli E. Kramer v. Abubakar Aitq Durrani, M.D.*, Case No. 14-CI-400 from Boone Circuit Court in Boone County, Kentucky to the United States District Court for the Eastern District of Kentucky, Covington Division.

This action is a medical malpractice suit in which Plaintiff Kelli E. Kramer seeks to recover damages from the Defendants for injuries she allegedly suffered due to surgeries performed by Dr. Durrani at West Chester Hospital. Plaintiff James Kramer has filed a loss consortium claim against West Chester Medical Center and other defendants. This case initially began in 2011 as a state-court collections action by West Chester Medical Center against Ms. Kramer for unpaid medical fees.[1] After Ms. Kramer failed to respond to the collections action, the state court entered a default judgment against her, which she failed to appeal.

On March 24, 2014, nearly three years after the state court's entry of the default judgment, the Kramers moved to set aside the judgment under CR 60.02(f) and file an answer, counterclaim, and third-party complaint against West Medical Center and other defendants. In her motion, Kramer alleged that Dr. Durrani, a surgeon who performed multiple spinal fusion surgeries on her at West Chester Medical Center, used a bone graft stimulator not approved by the Food & Drug Administration.

According to Ms. Kramer, the surgeries were not medically required, but part of a false billing scheme perpetuated by Dr. Durrani, who has since fled to his native Pakistan to avoid federal prosecution. Ms. Kramer further contended that she did not learn that the surgeries were not medically required until Dr. Durrani's arrest in July 2013 and when she received medical records from West Chester Medical Center in August 2013. Ms. Kramer claimed that those surgeries related to the unpaid medical fees, and thus West Chester Medical Center's default judgment in the state-court case.

The state district court granted Ms. Kramer's motion. In so doing, the state district court set aside the default judgment against Ms. Kramer and permitted filing of her answer, counterclaim, and third-party complaint. The district court's order also transferred the case to

---

[1] A certified copy of the state-court record is attached as Ex. A to this Notice.

Boone Circuit Court since the Kramers' claims sought damages in excess of the district court's jurisdictional amount in controversy.

In the circuit court, West Chester Medical Center moved to voluntarily dismiss its collections action and to realign the parties showing the Kramers as plaintiffs and West Chester Medical Center as a defendant.  The circuit court granted both motions, with the order to realign the parties granted on August 28, 2014.  With the parties realigned, West Chester Medical Center now seeks to remove under 28 U.S.C. § 1446 and this Court's diversity jurisdiction as set forth in 28 U.S.C. § 1332.

Under U.S.C. § 1446(b)(3), this Court may exercise diversity jurisdiction under 28 U.S.C. § 1332(a) because complete diversity among the parties now exists.  28 U.S.C. § 1446(b)(3), in part, provides that:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, **order or other paper from which it may first be ascertained that the case is one which is or has become removable.**

28 U.S.C. § 1446(b)(3) (emphasis added).

Several federal courts have recognized that a state-court order realigning the parties can constitute the basis for removal, assuming complete diversity exists.  *See, e.g.*, *Hrivnak v. NCO Portfolio Management, Inc.*, 723 F. Supp. 2d 1020, 1028 (N.D. Ohio 2010); *see also Passmore v. Discover Bank*, No. 1:11-CV-01347, 2012 WL 2332233, at *1 (N.D. Ohio June 14, 2012); *Stewart v. Bureaus Investment Group No. 1*, NO. 3:10-CV-1019-WKW, 2011 WL 2313213, at *5 (M.D. Ala. June 10, 2011); *cf. Crump v. Wal-Mart Group Health Plan*, 925 F. Supp. 1214, 1220 (W.D. Ky. 1996) ("Grounds for removal on diversity jurisdiction arose when the state court severed [the plaintiff's] claim and realigned the parties.").

3

West Chester Medical Center and U.C. Health are corporations organized under Ohio law.[2] Dr. Durrani is a citizen of Ohio.[3] The remaining defendant, Center for Advanced Spine Technologies, is also a corporation organized under Ohio law.[4] The Kramers are residents of Boone County, Kentucky.[5] Thus, the factual allegations in the Kramers' former counterclaim and third-party complaint satisfy the diversity of citizenship requirement for this Court's exercise of diversity jurisdiction under 28 U.S.C. § 1332(a).

Although the former counterclaim and third-party complaint do not contain a specified amount of damages, the second requirement for diversity jurisdiction, the amount of controversy, is likely satisfied because the Kramers seek damages for past and future medical bills, lost income and benefits, lost future income and benefits, past and future pain and suffering, consequential damages, and punitive damages. *See Suwala v. Progressive Insurance Co.*, No. Civ.A.2005-135, 2005 WL 2076490, at *2 (E.D. Ky. Aug. 25, 2005) ("[T]he burden of proof applicable removal/remand situations where there is no specified amount that is in controversy and no provision in the complaint limiting the damages amount to less than the amount in controversy requirement, is the 'preponderance of evidence' standard, otherwise stated as the 'more likely than not' standard.").

---

[2] *See* Kentucky Secretary of State, Online Services, https://app.sos.ky.gov/ftshow/(S(sbomb4csizjvwil3dhh2ae2x))/default.aspx?path=ftsearch&id=0847328&ct=09&cs=99999 (last accessed on May 14, 2014); *see also* Ohio Secretary of State Business Filing Portal, http://www2.sos.state.oh.us/pls/bsqry/f?p=100:7:0::NO:7:P7_CHARTER_NUM:1955095 (last accessed on Sept. 19, 2014).

[3] *See* Ohio License Center, https://license.ohio.gov/Lookup/SearchDetail.asp?ContactIdnt=2960606&DivisionIdnt=78&Type=L (last accessed on Sept. 19, 2014).

[4] CAST is now known as the Center for Advanced Spine Technologies, Corp. *See* Kentucky Secretary of State, Online Services, https://app.sos.ky.gov/ftshow/(S(ewpc0wolzo35xotm_p1l1vxnb))/default.aspx?path=ftsearch&id=0869890&ct=09&cs=99999 (last accessed on Sept. 19, 2014). This Court can take judicial notice of this fact under Fed. R. Evid. 201. *See, e.g.*, *Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006) ("The Court may of course judicially notice public records and government documents, including those available from reliable sources on the Internet."); *see also id*. (collecting cases).

[5] [Def.'s Counterclm. & Third-Party Compl. at ¶1, *Kramer v. West Chester Medical Center*, Civil Action No. 14-CI-00400 (Boone Cir. Ct. Mar. 3, 2014).]

Even without knowing the precise amount of the Kramers' damages, the fact that they seek damages for pain and suffering and punitive damages should lead this Court to exercise jurisdiction. In *Fenton v. Speedway, LLC*, Civil Action No. 5:13-063-DCR, 2013 WL 2422877, at *2 (E.D. Ky. June 3, 2013), this Court found that based on a reasonable multiplier for damages for pain and suffering, it is reasonable to assume that plaintiffs will seek damages exceeding $75,000.00. In reaching that conclusion, this Court adopted the analysis in *Fisher v. May*, Civil Action No. 3:11-CV-00592, 2012 WL 1964564, at *2 (W.D. Ky. May 31, 2012), in which the district court in that case noted that Kentucky appellate courts have upheld awards for pain and suffering up to 30 times the plaintiff's actual medical expenses.

The Kramers' request for punitive damages also requires this Court to consider the possible multiplier they could receive for those specific damages should this case go to trial. *Hayes v. Equitable Energy Resources Co.*, 266 F.3d 560, 572 (6th Cir. 2001) ("When determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered . . . unless it is apparent to a legal certainty that such cannot be recovered."). The U.S. Supreme Court has embraced a punitive-to-compensatory damages ratio near 4 to 1, and has not expressly ruled out the possibility of higher single-digit multipliers. *See State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408, 425 (2003). Thus, even if the Kramers recover a comparatively minimal amount of compensatory damages – for example, $10,000 – a 5 to 1 ratio applied to their request for pain and suffering, in addition to a 4 to 1 ratio applied to their request for punitive damages, could easily push their claim pass the $75,000 threshold under 28 U.S.C. § 1332(a).

For the foregoing reasons, West Chester Medical Center removes this action from the Boone Circuit Court and request that further proceedings be conducted in this Court in

accordance with 28 U.S.C. § 1332(a).  West Chester Medical Center has simultaneously filed this Notice of Removal with the Clerk of the United States District Court for the Eastern District of Kentucky and a Notice of Filing of Notice of Removal with the Circuit Court Clerk of the Boone Circuit Court as required by 28 U.S.C. § 1446(d).

Respectfully submitted,

/s/ Junis L. Baldon_____
Bill J. Paliobeis
Walt Haggerty
FROST BROWN TODD LLC
3300 Great American Tower
301 East Fourth Street
Cincinnati, OH 45202
Tel. (513) 651-6119
Fax (513) 651-6981
Email: bpaliobeis@fbtlaw.com

and

Junis L. Baldon
FROST BROWN TODD
400 West Market Street, 32nd Floor
Louisville, KY 40202-3363
Tel. (502) 589-5400
Fax (502) 581-1087
Email: jbaldon@fbtlaw.com

*Counsel for Defendant*
*West Chester Hospital and Third-Party*
*Defendant UC Health, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was electronically filed on September 19, 2014 through the CM/ECF System for the United States District Court for the Eastern District of Kentucky. I hereby further certify that on September 19, 2014, the foregoing document was also served electronically through this Court's CM/ECF System. The foregoing document has also been served in the United States Mail with sufficient postage prepaid, this 19th day of September 2014, upon:

David V. Kramer
Ryan M. McLane
DRESSMAN BENZINGER LAVELLE PSC
207 Thomas More Parkway
Crestview Hills, KY 41017

Paul J. Schachter
SCHACHTER HENDY & JOHNSON
909 Wright's Summit Parkway, Suite 210
Fort Wright, KY 41011
*Co-Counsel for Plaintiffs Kelli E. Kramer and James Kramer*

Circuit Court Clerk
Boone County Justice Center
6025 Rogers Lane, Room 141
Burlington, KY 41005

Justin A. Fortner, Esq.
526 Greenup Street
Covington, KY 41011
*Warning Order Attorney for Defendant Abubakar Atiq Durrani, M.D.*

Center for Advanced Spine Technologies, Inc.
Mr. Gregory A. Bacon, Registered Agent
6905 Burlington Pike
Florence, KY 41042

/s/ Junis L. Baldon
*Counsel for Defendant*
*West Chester Medical Center and Third-Party Defendant UC Health, Inc.*

0123682.0615403   4834-9763-1774v1